IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK SCHIELER, #B24134,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 22-cv-02259-JPG |
| | ) |
| **SGT. CALDWELL,** | ) |
| **OFFICER WALLENDROFF,** | ) |
| **JOHN LAKIN,** | ) |
| **MADISON COUNTY JAIL,** | ) |
| **and MEDICAL STAFF,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Mark Schieler on October 21, 2022. (Doc. 14). Plaintiff is a former pretrial detainee at Madison County Jail ("Jail"), who brings this action for unconstitutional conditions of confinement at the Jail pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80. (*Id*. at 1-11). He seeks money damages from the defendants. (*Id*.). In a motion filed December 7, 2022, Plaintiff also seeks a preliminary injunction and/or temporary restraining order. (*See* Doc. 18). The Court will take up this matter without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion that is

legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b).

### First Amended Complaint

In the First Amended Complaint, Plaintiff alleges that he is an elderly, disabled veteran who is unable to speak because of a hole in his neck caused by cancer of the sinuses, lymph nodes, vocal cords, and throat. (*See* Doc. 14, pp. 1-11). He communicates with staff by kicking the walls and doors of his cell. (*Id*. at 6, 9-11). The Jail's staff do not appreciate his attempts to communicate in this manner. Sergeant Caldwell has responded by kicking Plaintiff in the neck and throat repeatedly without justification and denying him medical care for his resulting injuries. (*Id*.). Sergeant Mikes has responded to Plaintiff by threatening to "kick in his head." (*Id*. at 11).

Plaintiff also complains about his living conditions. (*Id*. at 6, 9-11). He was initially housed in a visiting room that lacked running water and a toilet. He was forced to use the same bowl for eating, drinking, and urinating, until Lieutenant Paul gave him a separate urinal. Officers Dowdy and Patterson were the only officers who would allow him to shower. (*Id*.).

One day, Plaintiff kicked the door to let staff know he needed to defecate, and Sergeant Caldwell, Sergeant Mikes, and Officer Volker dragged him from the visiting room to the disciplinary block, where they left him in disciplinary segregation for five months. This was only after Sergeant Caldwell kicked him in the throat and neck almost a dozen times. Plaintiff lived alongside dangerous and/or mentally unstable inmates in the block, and this exacerbated his own mental illness. (*Id*.). He was also labeled a pedophile by inmates who threw feces and urine in his face. (*Id*. at 9-11).

Officer Wallendroff denied Plaintiff medical care for an unidentified condition on or around June 13, 2022. (*Id*.). Although Plaintiff attempted to file an electronic grievance to address his complaints at the Jail, he was unable to log in to the tablet he was given for this purpose. He

requested paper grievance forms instead, but an unidentified guard refused to give him any. (*Id*.). When Plaintiff finally obtained and filed grievances, officers acted as if they did not understand his requests, including ones he made in connection with his pending criminal case. (*Id*. at 4-6). As a result, he ended up pleading guilty to the pending charges. (*Id*.).

Plaintiff complains of possible mail fraud by staff. (*Id*. at 6, 9-11). He mailed letters to non-parties but never received any responses. (*Id*. at 4-6). The only letters that were properly mailed were those he gave to Lieutenant Paul. (*Id*. at 6).

### Preliminary Dismissals

**A.     FTCA Claims**

Plaintiff used the standard civil rights complaint form to prepare his First Amended Complaint, and he brings his claims under 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. 1346, 2671-80. The FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. 28 U.S.C. § 1346(b)(1). Plaintiff does not name the United States or state claims for torts committed by federal agents. Therefore, he cannot proceed with any claim under the FTCA, and all such claims shall be dismissed with prejudice.

**B.     Defendants John Lakin, Madison County Jail, Medical Staff**

Plaintiff identifies the following defendants in his case caption but includes no allegations against them: John Lakin, Madison County Jail, and Medical Staff. Merely naming a defendant in the case caption or list of defendants is not enough to state a claim against that person. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiff must set forth sufficient allegations to show each person's involvement in a violation of his constitutional rights because an individual "cannot be held liable in a [S]ection 1983 action unless he [or she] caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The

doctrine of *respondeat superior* liability is inapplicable in this context. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Plaintiff failed to indicate what any of these defendants did to violate his rights. Accordingly, the Court finds that he stated no claim against them, and John Lakin, Madison County Jail, and Medical Staff shall be dismissed without prejudice.

**C.    Non-Parties**

Plaintiff also refers to the following non-parties in the statement of his claim: Sergeant Mikes, Lieutenant Paul, Officer Volker, Officer Dowdy, and Officer Patterson. When parties are not listed in the caption, the Court will not treat them as defendants, and any claims against them should be considered dismissed. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). All claims against these non-parties are considered dismissed without prejudice from this action.

## Discussion

Turning to the claims set forth in the *pro se* First Amended Complaint, the Court finds it appropriate and convenient to designate the following enumerated counts in this action:

**Count 1:**   Sergeant Caldwell used excessive force against Plaintiff by kicking him in the neck and throat without justification, in violation of his rights under the Fourteenth Amendment.

**Count 2:**   Sergeant Caldwell denied Plaintiff medical care for injuries he inflicted by kicking him in the throat and neck, in violation of his rights under the Fourteenth Amendment.

**Count 3:**   Unidentified defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail by housing Plaintiff in a visiting room without water, a toilet, or a urinal and then transferring him to disciplinary segregation to live alongside dangerous inmates for five months, in violation of his rights under the Fourteenth Amendment.

|   |   |
|---|---|
| **Count 4:** | Officer Wallendroff denied Plaintiff medical care for an unspecified medical condition on June 13, 2022, in violation of his constitutional rights under the Fourteenth Amendment. |
| **Count 5:** | Unidentified defendants possibly interfered with Plaintiff's mail and caused him to plead guilty to criminal charges in his pending criminal case, in violation of his rights under the First and/or Fourteenth Amendments. |
| **Count 6:** | Unidentified defendants denied Plaintiff access to the Jail's grievance process, in violation of his rights under the Fourteenth Amendment. |

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under** *Twombly*.[1]

### Count 1

To bring an excessive force claim under the Fourteenth Amendment, a pretrial detainee need only show that the force that was knowingly used against him was also objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). The allegations articulate an excessive force claim against Sergeant Caldwell, who was aware of Plaintiff's inability to speak due to past throat cancer and nevertheless kicked him in the neck and throat. Count 1 shall receive further review against Sergeant Caldwell.

### Count 2

A Fourteenth Amendment due process claim for the denial of medical care likewise requires a detainee to allege that each defendant acted purposefully, knowingly, or perhaps even recklessly in connection with a plaintiff's medical treatment, and the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Ill.,* 909 F.3d 881, 886 (7th Cir. 2018). This, in turn, requires consideration of "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

subjective belief held by the individual—whether the response was reasonable." *Id*. The allegations state a claim against Sergeant Caldwell under this standard, based on his denial of Plaintiff's obvious need for medical care after he kicked him in the neck and throat repeatedly. Count 2 shall receive further review against this defendant.

### Counts 3, 5, and 6

Plaintiff identifies no defendants in connection with his claims for exposure to unconstitutional conditions (Count 3), interference with his mail and access to the court (Count 5), and interference with his grievances (Count 6). It is impossible for the Court to determine what any defendants did, or failed to do, in connection with these claims. Absent some information about their personal involvement in these constitutional deprivations, Counts 3, 5, and 6 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 4

Finally, Plaintiff's claims against Officer Wallendroff for refusing Plaintiff medical care for an unspecified condition on or around June 13, 2022, lacks sufficient factual support to proceed. Plaintiff discloses no information about the medical condition that required treatment or the reasonableness of this defendant's response. Without this basic information, the Court cannot even analyze this claim. Count 4 shall be dismissed without prejudice.

### Motion for Preliminary Injunction and/or TRO

Plaintiff filed a motion for preliminary injunction and/or TRO on December 7, 2022, seeking medical treatment for neck pain associated with his cancer and assault by Sergeant Caldwell. Plaintiff is now confined at Graham Correctional Center, where he is under the care and treatment of medical staff. His transfer from Madison County Jail to Graham Correctional Center renders his request for injunctive relief moot, as it pertains to conditions at the Jail. *See Tolentino*

*v. Baker*, 679 F. App'x 503 (7th Cir. 2017) ("If a prisoner seeking injunctive relief for conditions of confinement at a particular prison is transferred without a realistic possibility of return, then his request for relief becomes moot."). The named defendants no longer have control over Plaintiff's care or custody.

Plaintiff is not without recourse. He may request medical treatment for his pain at Graham. If he is unable to obtain it, he may use the grievance system to challenge the denial of care. If he is still not satisfied, Plaintiff may pursue injunctive relief against Graham officials by filing a separate suit against them. Finally, if Plaintiff returns to Madison County Jail and faces the same conditions there, he may renew his request for a preliminary injunction by filing another motion *in this case*. *See Young v. Lane*, 922 F.2d 370, 373-74 (7th Cir. 1991) (the likelihood of being transferred back to an institution is a factual determination for the district court). However, Plaintiff's motion (Doc. 18) is **DENIED without prejudice**.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 14) survives screening, as follows: **COUNTS 1** and **2** against Defendants **SERGEANT CALDWELL** will proceed. Plaintiff's Motion for Status (Doc. 19) is **DISMISSED** as **MOOT**, in light of this screening order.

**IT IS ORDERED** that **ALL FTCA CLAIMS** are **DISMISSED** with prejudice, and **COUNTS 3, 4, 5,** and **6** and Defendants **JOHN LAKIN, OFFICER WALLENDROFF, MADISON COUNTY JAIL,** and **MEDICAL STAFF** are **DISMISSED** without prejudice, all for failure to state a claim upon which relief may be granted.

**The Clerk of Court is DIRECTED to TERMINATE Defendants JOHN LAKIN, WALLENDROFF, MADISON COUNTY JAIL, and MEDICAL STAFF as parties in CM/ECF and ENTER the standard qualified protective order pursuant to the Health**

**Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **SERGEANT CALDWELL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 14), and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if the Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 14) and shall not waive filing a reply under 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the

costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/8/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him with a copy of your complaint.  After service has been achieved, the defendant will enter his appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more.  When the defendant has answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.